UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Leonard Evans, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:22-cv-2739 |
| Atlantic Recovery Solutions, LLC, | ) |
| Defendant. | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."  Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3rd Cir. 2011).

4. Violation of a single provision of the FDCPA is sufficient to establish liability.  Blandina v. Midland Funding, LLC, 2014 WL 6892083, at *1 (E.D. Pa. 2014).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Leonard Evans, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Atlantic Recovery Solutions, LLC (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 33 Dodge Road, Suite 108, Getzville, NY 14068. *See Exhibit "1" attached hereto*.

14. The Defendant is a debt collection agency and the Defendant regularly does business in the State of Pennsylvania. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

2

25. Mr. Evans retained Dunne Law Offices, P.C. for legal representation regarding the Plaintiff's debts.

26. The Defendant has contacted the Plaintiff multiple times via telephone call and text message in its attempts to collect the debt at issue in this matter.

27. Prior to September 9, 2020, Defendant was attempting to collect a debt from Plaintiff.

28. On September 9, 2020, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

29. On September 12, 2020, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

30. Upon information and belief, Defendant received the aforementioned letters. The law presumes timely delivery of a properly addressed piece of mail. Guerra v. Consol. Rail Corp., 936 F.3d 124, 136 (3$^d$ Cir. 2019)(Holding if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed . . . that it reached its destination at the regular time, and was received by the person to whom it was addressed"); *see also* Bobbit v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timely delivery of properly addressed mail").

31. These letters indicated that Plaintiff disputed the debt that Defendant is attempting to collect. Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Associates, 2018 U.S.App. LEXIS 11372 *14 (7th Cir. 2018); *see also* DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7th Cir. 2010)("[A] consumer can dispute a debt for 'no reason at all . . .").

32. On multiple occasions throughout the Spring and Summer of 2022, Defendant called Mr. Evans on his cell phone and sent text messages. During at least one of the telephone conversations, Mr. Evans informed an employee of the Defendant that he had retained legal counsel regarding his debts. *See Exhibit "3" attached hereto*.

33. Specifically, on July 1, 2022, Mr. Evans responded to three of the different numbers used by Defendant with the message:

> "Contact my bankruptcy attorney Stephen Dunne at 215-551-7109. This debt is disputed and you can now handle all correspondence through my lawyer. Dunne Law Offices address is 1515 Market Street, Suite 1200, Philadelphia, PA 19102. Stop calling, texting and leaving voicemails. I revoke my consent for you to contact me on my cell phone."

*See Exhibit "3" attached hereto.*

34. Despite Mr. Evans' repetitive and clear notification of legal representation, on July 5, 2022, Defendant sent yet another text message to Mr. Evans in an attempt to collect the debt at issue in this matter. *See* Exhibit "3" *attached hereto*.

35. By contacting a consumer it knew to have legal representation, the Defendant violated the FDCPA.

36. Mr. Evans's injuries constitute an injury-in-fact.  Defendant's violations are material as the unsophisticated consumer, who has retained counsel to represent his regarding the debt at issue in this matter, would be left with the impression that retaining legal counsel was futile and that he did not have the rights Congress granted to him under the FDCPA.  Defendant's violations of the FDCPA constitute more than just bare procedural violations.

37. By contacting Mr. Evans when the Defendant knew that he had legal counsel, Defendant invaded Mr. Evans' privacy.  Defendant's actions constituted an intrusion upon the seclusion of Mr. Evans.  In short, Defendant's actions caused Mr. Evans harm.  Anxious about the Defendant's actions, Mr. Evans was forced to take the time to call his attorney about Defendant's actions.

38. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 38 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c because Defendant continued to contact Plaintiff despite knowledge that he had legal representation for the debt at issue in this matter.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact a represented consumer when it had notice of legal representation.

4. The Defendant violated 15 U.S.C. § 1692e by representing to the Plaintiff that it was able to continue to contact him directly in attempts to collect a debt despite being prohibited from doing so by the FDCPA.

5. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact directly a consumer it knew to have legal representation.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,

s/ Stephen M. Dunne
Stephen M. Dunne
Dunne Law Offices, P.C.
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Office: (215)551-7109
Fax: (215)525-9721
Email: stephen@dunnelawoffices.com